IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRIEN O. HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-00027 (GBL/JFA) |
| ) | |
| SJV, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant SJV, LLC's ("SJV") Motion to Dismiss for failure to state a claim upon which relief can be granted (Dkt. No. 10). Plaintiff, Brien Hill, brought this suit against SJV under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, seeking monetary damages for alleged acts involving discrimination, retaliation, and wrongful discharge.

The issue is whether Plaintiff's Complaint is time barred where he filed it more than six months after the Equal Employment and Opportunity Commission ("EEOC") provided him with constructive notice of his right to sue, where the Complaint alleges a date of actual notice that is more than ninety days from when Plaintiff initiated this court action, and where Plaintiff has not offered any reason why the ninety-day limitations period should be subject to equitable tolling. The Court will grant SJV's Motion to Dismiss because Plaintiff's ADA claims are time barred and, therefore, the Complaint fails to state a claim upon which relief can be granted.

## I. BACKGROUND

### A. Factual Background

In September 1999, Plaintiff underwent surgery causing the amputation of his leg below the knee. (Compl. ¶ 6.) Plaintiff was employed by SJV, a for-profit early education and childcare facility franchise of The Learning Experience ("TLE"), for two years until February 26, 2015. (Compl. ¶ 3.) Plaintiff states that he began employment with SJV as a "prep cook" and, after eight months of excellent reviews, later became an aftercare bus operator and program aide. (Compl. ¶ 4.)

On February 24, 2015, Plaintiff asked SJV Assistant Center Director Chenelle Haygood if SJV could assign Plaintiff an aide to assist in his various duties, and also to authorize Plaintiff's request for leave. (Compl. ¶ 26.) Plaintiff asserts that these requested absences are protected under the ADA. (Compl. ¶ 52.) Ms. Haygood allegedly replied that the hiring of an aide would be too much of an additional cost to SJV, and that SJV was seeking to immediately replace Plaintiff before Plaintiff's disability began to cost SJV money. (Compl. ¶ 26.) Plaintiff responded that Ms. Haygood's comments were in direct violation of Plaintiff's ADA rights, to which Ms. Haygood replied that she was merely expressing the views of the collective staff. (Compl. ¶ 27.) Plaintiff further alleges that Ms. Haygood warned Plaintiff that if he attempted to meet with SJV Human Resources Manager Sean Vieira to discuss his claims of ADA violations, SJV would fire Plaintiff. (Compl. ¶ 51.)

Plaintiff alleges that on February 25, 2015, he contacted SJV Center Director Judy McClimans and Business Manager/Owner Jennifer Vieira to state his reasons for another pay increase, to petition for a fulltime work schedule in order to qualify for overtime pay, and to be permitted to hold his own aftercare class. (Compl. ¶ 15.) Ms. Vieira informed Plaintiff that his

2

pay request was being taken into consideration, but that they would not allow Plaintiff to hold his own aftercare class because of safety risks associated with Plaintiff's "lack of mobility" and health risks associated with Plaintiff's "sweaty stinky prosthesis." (Compl. ¶¶ 23–24.) Plaintiff also contends that SJV employees began to create a hostile work environment by taunting Plaintiff and making jokes about his disability. (Compl. ¶¶ 52–54.)

Plaintiff asserts that on February 26, 2015, he was informed of two sexual harassment claims against him by two undisclosed SJV employees. (Compl. ¶ 31.) Plaintiff made both verbal and written responses to these allegations, and TLE corporate management allegedly placed Plaintiff on unpaid suspension until an investigation could be completed. (Compl. ¶ 31.) The next day, on February 27, 2015, Plaintiff received an official termination email from the SJV owner, Ms. Vieira, citing the sexual harassment allegations as the reason for dismissal. (Compl. ¶ 33.)

In his seven-count Complaint, Plaintiff alleges that SJV violated the ADA by: (1) retaliating against Plaintiff by firing him for attempting to meet with the SJV human resources manager to address the hostile work environment; (2) discriminating against Plaintiff by failing to provide reasonable accommodations for his disability; (3) failing to engage in the interactive process as required by the ADA; and (4) facilitating the filing of sexual harassment charges against Plaintiff because he exercised his ADA rights.

**B. Procedural History**

On November 24, 2015, the United States District Court for the District of Columbia entered an order transferring this case to the United States District Court for the Eastern District of Virginia. (Dkt. No. 3.)

On March 13, 2015, Plaintiff filed a Charge of Discrimination with the EEOC. (Dkt. No. 14 at 36.) Four days later, on March 17, 2015, the EEOC mailed a right-to-sue notice to Plaintiff. (Dkt. No. 14 at 38.) The Complaint states that "[o]n approximately August 3, 2015, Plaintiff received from the EEOC a notice of charge of discrimination on his ADA claims, and has brought suit within [ninety] days of receipt of notice." (Compl. ¶ 76.[1]) On November 4, 2015, the District of Columbia received Plaintiff's Complaint and Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion"). (Dkt. No. 3 at 1 n.1.[2]) Therefore, this Court will treat Plaintiff's Complaint as if it were filed on November 4, 2015 for purposes of this motion, even though the docket states that Plaintiff filed the Complaint on December 10, 2015.

On July 29, 2016, the Court entered an order granting Plaintiff's IFP motion. (Dkt. No. 5.) On February 8, 2017, the Complaint was served on SJV. (Dkt. No. 9.) On February 17, 2017, SJV filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), along with a supporting memorandum and exhibits. (Dkt. Nos. 10, 11, 14.) In its supporting memorandum, SJV argues that Plaintiff's lawsuit is untimely because he failed to initiate the lawsuit within ninety days of receiving the right-to-sue notice from the EEOC, and because there are no grounds to toll the timelessness requirement. (Dkt. No. 11.) Plaintiff has not filed a response to SJV's motion even though SJV provided Plaintiff, proceeding *pro se*, with the requisite notice under Local Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). (Dkt. No. 12.)

---

[1] Through its brief and oral arguments, it appears SJV read Plaintiff's Complaint to allege that Plaintiff received the right-to-sue notice on March 19, 2015. However, the Complaint itself alleges that Plaintiff received the notice on August 3, 2015.

[2] Plaintiff has filed a separate complaint against SJV, and that case was also transferred from the District of Columbia to this Court. *See Hill v. SJV, LLC*, No. 16-cv-00193-GBL-TCB (Feb. 4, 2016). Plaintiff has a third case pending in this Court, and that case is against TLE. *See Hill v. The Learning Experience*, No. 1:15-cv-01593-CMH-TCB (Nov. 2, 2015).

When the Court held a motion hearing on March 17, 2017, Plaintiff and counsel for SJV appeared. During the motion hearing, Plaintiff did not contest Defendant's Motion to Dismiss. In addition, Plaintiff stated that there were no grounds to equitably toll the limitations period.

## II. DISCUSSION

### A. Standard of Review

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) should be granted unless the complaint "states a plausible claim for relief" under Rule 8(a). *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). In considering a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). No such assumption of truth is afforded to those "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (citations omitted). Nor is the court obligated to assume the veracity of the legal conclusions drawn from the facts alleged. *Adcock v. Freightliner LLC*, 550 F.3d 369, 374 (4th Cir. 2008) (citation omitted). Thus, the court's review involves the separation of factual allegations from legal conclusions. *Burnette v. Fahey*, 698 F.3d 171, 180 (4th Cir. 2012).

The complaint must contain sufficient factual allegations, taken as true, "to raise a right to relief above the speculative level" and "nudge [the] claims across the line from conceivable to plausible." *Vitol*, 708 F.3d at 543 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The facial plausibility standard requires pleading of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 554 (4th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). Generally, courts construe *pro se* complaints liberally. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

In addition to the complaint, a court also examines "documents incorporated into the complaint by reference," as well as those matters properly subject to judicial notice. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (citations omitted). A court may consider documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

**B. Analysis**

The Court will grant SJV's Motion to Dismiss because Plaintiff's Complaint against SJV is time barred. After a complainant files a charge with the EEOC, the ADA requires the EEOC to "notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent." 42 U.S.C. § 2000e–5(f)(1); *see also Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 F. App'x 314, 320–21 (4th Cir. 2011). The ninety-day filing requirement is "not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Laber v. Harvey*, 438 F.3d 404, 429 n.25 (4th Cir. 2006) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

Typically, courts within the Fourth Circuit presume that a mailing reaches the intended recipient within three days after the right-to-sue notice is mailed, in accordance with Federal Rule of Civil Procedure 6(d). *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984); *Crabill*, 423 F. App'x at 320–21; *Blackwell v. General Dynamics Land Sys., Inc.*, No. 1:10-cv-110, 2010 WL 2639829, at *4 (E.D. Va. June 28, 2010). "[D]elivery of a right-to-sue

letter to a plaintiff's home triggers the limitations period even if the plaintiff does not actually receive the letter." *Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993). The Fourth Circuit has held that requiring "actual receipt" to trigger the time period would allow some plaintiffs an "open-ended time extension, subject to manipulation at will." *Id.* However, the Fourth Circuit has adopted a "flexible rule which requires a case-by-case examination of the facts to determine if an equitable tolling of the filing period is appropriate." *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987).

Here, SJV disputes the timeliness of Plaintiff's lawsuit, and SJV attached the right-to-sue notice to its motion to dismiss. According to the date stamp on the notice, it was mailed to Plaintiff on March 17, 2015. Therefore, the law presumes that Plaintiff had constructive notice of his right to sue on March 20, 2015. The District of Columbia did not receive Plaintiff's Complaint until November 4, 2015—more than six months later. Second, even if the Court accepts Plaintiff's allegation that he did not receive the notice until "approximately August 3, 2015"—more than four months after it was mailed—it still took Plaintiff ninety-three days to submit the Complaint on November 4, 2015. Third, during the motion hearing, Plaintiff did not contest SJV's argument that the ADA claims are untimely, and Plaintiff stated that the filing of his Complaint in this case is not subject to equitable tolling. Because Plaintiff's ADA claims are time barred, he fails to state a plausible claim for relief.

## III. CONCLUSION

Plaintiff's lawsuit is time barred because Plaintiff did not bring this civil action within the requisite time period following the EEOC mailing him the March 17, 2015 right-to-sue notice. Therefore, the Court will grant SJV's Motion to Dismiss. An appropriate order and final judgment will accompany this Memorandum Opinion.

ENTERED this \_\_22nd\_\_ day of March, 2017.

Alexandria, Virginia

                                                            /s/
                                         Gerald Bruce Lee
                                         United States District Judge